NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ALBERT M. KRAUSS, PETITIONER, v. JOSEPH T. RYERSON
& COMPANY, RESPONDENT.

For the petitioner, *Edwards & Smith*.

For the respondent, *Andrew O. Wittreich*.

*     *     *     *     *     *     *

3. The petitioner, Albert M. Krauss, testified that on October 19th, 1927, he was employed by the respondent. He alleged and testified that while lifting a beam, which he was painting, he felt a pain in his right groin, whereupon he dropped the beam. He then told Mr. O'Connor, his foreman, that while lifting the beam he had injured himself, and that he was going home. This was at eleven o'clock in the morning. However, he stayed until twelve o'clock. He further testified that he was visited by a Dr. Joseph S. McDede the following day.

4. Dr. Joseph S. McDede then testified that he was a registered and licensed physician, and had treated the petitioner for a congestion of the right scrotum on October 30th, 1927.

5. This was the petitioner's case.

6. In response to the petitioner's claim, the respondent produced Mr. W. Snyder, head of the operating department of the Joseph T. Ryerson & Company, the respondent, who testified that in response to a letter sent by the petitioner on October 20th, 1927, he, in company with Mr. O'Connor, the

foreman of the petitioner, visited the petitioner at his home. There they found him in bed with a hot water bottle applied to his stomach. Mr. Snyder further testified that during their conversation with the petitioner, the petitioner stated that he was sorry he could not be to work because of some illness in his family, and that he was suffering from a recurrence of pains in the stomach, which resulted from an accident to himself in a steel plant at Pittsburgh some years before. He also testified that the petitioner returned to his work a few days later, but was discharged after a quarrel with the foreman.

7. Mr. E. O'Connor, the petitioner's foreman, then testified, on behalf of the respondent, that the petitioner had come to him at noon, during the lunch hour, on the alleged date of the accident, and requested that he be allowed to go to his home because of the illness of his wife and daughter; that at no time did he mention that he had been injured while in the course of his employment the morning of that day. Mr. O'Connor also corroborated Mr. Snyder's statements to the effect that the petitioner had told them, when they visited him at his home, that he was suffering from a recurrence of pains in the stomach, caused by an accident which had happened some years before.

8. This was the respondent's case.

9. It appears to me that the petitioner's story does not ring true, and I doubt the story which he told as to the happening of the accident that he was injured at his employment on October 19th, 1927. I believe the stories told by him are merely figments of his own imagination, and it is only an effort to cause trouble to his former employer because of his having been discharged.

\*           \*           \*           \*           \*           \*           \*

CHARLES E. CORBIN,
*Deputy Commissioner.*